# Exhibit A

ELECTRONICALLY FILED - 2021 Aug 06 3:32 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003632

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | THE COURT OF COMMON PLEAS |
| | ) | |
| | ) | 9TH JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON | ) | |

| | | |
|---|---|---|
| MARK FULTZ | ) | CASE NO. |
| | ) | |
| Plaintiff, | ) | Civil Action |
| vs. | ) | |
| | ) | |
| | ) | **SUMMONS** |
| BRICK, LLC THE | ) | |
| ) | ) | |
| | ) | |
| Defendant(s). | ) | |

TO THE DEFENDANTS NAMED ABOVE:

    YOU ARE HEREBY SUMMONED and required to answer the complaint herein, a copy which is herewith served upon you, and to serve a copy of your answer to this complaint upon the subscriber, at the address shown below, within thirty (30) days after service hereof, exclusive of the day of such service, and if you fail to answer the complaint, judgment by default will be rendered against you for the relief demanded in the complaint.

Camden, South Carolina

Dated: August 5, 2021,

    S/Anthony Brady

    Plaintiff/Attorney for Plaintiff

Address:  Anthony J. Brady Jr.
1670-9 Springdale Drive
PMB 159
Camden , South Carolina 29020
561-603-8387
Email: ladbrady@gmail.om
Attorney ID. 15506.

ELECTRONICALLY FILED - 2021 Aug 06 3:32 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003632

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | THE COURT OF COMMON PLEAS |
| ) | |
| ) | 9TH   JUDICIAL CIRCUIT |
| COUNTY OF CHARLESTON ) | |

| | |
|---|---|
| MARK FULTZ ) | CASE NO. |
| ) | |
| Plaintiff, ) | Civil Action |
| vs. ) | |
| ) | |
| BRICK, LLC THE ) | **COMPLAINT** |
| ) | |
| Defendant(s). ) | |

Plaintiff, Mark Fultz residing at Apt. 106, NW Avenue, Margate, Florida by way of complaint against the Defendant states:

This Honorable Court has jurisdiction in that it is a Court of general jurisdiction and the Plaintiff has alleged a violation of federal law Title III of the Americans With Disabilities Act, 42 U.S.C. § 12101, et seq.  Plaintiff's claim is greater than $15,000.00 and venue is proper in Charleston County because the cause of action arose in Charleston County and that Defendant Resides in Charleston County.

## STATEMENT OF THE CASE.

1. This suit is a private action brought by a Plaintiff, who uses a wheelchair as a result of for injunctive relief under the federal American with Disabilities Act, 42 USC 12182.

It would be wise to review the purposes of the access laws.  First, the laws are about opportunity; as former Speaker of the House Gingrich has stated, "Mr. Chairman, throughout our history,  our disabled citizens have not been provided the opportunity to participate in all phases of society.  Designed to provide 43,000,000 Americans with enhanced opportunities, this bill, then, embodies the conservative idea of opportunity."  136 Cong. Rec. H2631 (daily ed. May 22, 1990) (Statement of Rep. Gingrich).

ELECTRONICALLY FILED - 2021 Aug 06 3:32 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003632

Second, the law is about the economic wellbeing of America. As former Attorney General Thornburgh testified, "We must recognize that passing comprehensive civil rights legislation protecting persons with disabilities will have direct and tangible benefits for our country. Certainly,… the mainstreaming of persons with disabilities will result…in more persons with disabilities  working, in increasing earnings, in less dependence on the Social Security System for financial support, in increased spending on consumer goods, and increased tax revenues." Testimony before House Committee on Civil and Constitutional Rights, Ser No. 101-58, Oct. 11, 1989, p. 811.

Third, the law is to end segregation.  As Senator Kennedy stated, "The Americans With Disabilities Act will end this American apartheid. It will roll back the unthinking and unacceptable practices by which disabled Americans today are segregated, excluded, and fenced off from fair participation in our society by mindless biased attitudes and senseless physical barriers. 35 m Cong. Rec. 54993 (daily ed. May 09, 1989) (Statement of Sen. Kennedy).

It is respectfully submitted that Senator Dole's opinion that the access laws are about dignity, "Living independently and with dignity means opportunity to participate fully in every activity of daily life 136 Cong. Rec. S9695 (daily ed. July 13, 1990) (Statement of Sen. Dole).

Plaintiffs seek an award of injunctive relief attorney fees and costs as a private attorney general. The Courts have explained the role of private enforcement of the access laws. The 9th Circuit explained,

 "For the ADA to yield its promise of equal access for the disabled it may be indeed necessary and desirable for committed individuals to bring serial litigation advocating the time when public accommodations will be compliant with the ADA",  D'Lil v. Best Western Encino- Lodge & Suites, 538 F.3d 1031 (9th Cir. 2008). In Walker v. Guiffre, 200 N.J. 124, 156 (2012) in

awarding an enhancement in a state case the Court held:

> "Her obligation served not her sole interests, but the interests of any and all who had been or who might otherwise in the future have been denied access to the premises. The relief sought, both because it was equitable in nature and because it was designed to serve a broad social purpose weighs in favor of a continuous enhancement at the highest end of the spectrum."

## PARTIES

2.      Plaintiff, Mark Fultz resides at Apt 106, 231 NW. 76 Avenue Margate, Florida. He is a disabled man because of a stroke. As a result he cannot walk without a cane or a Wheelchair .Fultz qualifies as an individual with disabilities as defined by the federal Americans with Disabilities Act (ADA).

3.      The Defendant BRICK, LLC THE owns, leases, leases to, or operates a place of public accommodation called THE BRICK located at Ann St. Charleston, South Carolina 33063. It is a public accommodation being a restaurant and bar.

## FIRST COUNT

4.      Plaintiff is a frequent traveler to Charleston, South Carolina because his family resides in the area. He is disabled and uses a walker and a cane.

5.      Fultz attempted to be a patron on July 30 but was unable to do so because the entrance for the disabled is intentionally locked, requiring a disabled person to climb steps. On July 31, 2021 he was a patron.

6.      His ability to use the services of the bar was impaired because of the lack of proper access to him and the disabled as a whole.

7.      The route from the parking to the front entrance does not have an accessible route because the defendant intentionally locks the accessible entrance in violation of 28 CFR 36.211 and ADAAG 206.3.

8.      There no accessible bar nor tables because of too high counters and lack of leg room.

ELECTRONICALLY FILED - 2021 Aug 06 3:32 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003632

9. There is no accessible bathroom because of a lack of proper doors spacing and dispensers.

12. The above violations are violations of the federal ADA Title III.

13. The discriminatory violations described above are not an exclusive list of the defendants' accessibility problems/violations. Plaintiff requires an inspection to identify all barriers.

14. The Defendants' elements provided

15. The plaintiff intends to be a frequent patron of defendants, when it complies with the ADA. Including November, 2021. He will also return as a tester.

16. Plaintiff seeks equitable relief in that to create access is readily achievable if the above violations are pre-existing construction.

17. Plaintiff reserves the right to file administrative remedies for damages under South Carolina law.

Wherefore, plaintiff Fultz seeks:

    a) Injunctive relief under the ADA.

    b) Attorney fees and costs of suit under the ADA.

Date:  August 5, 2021.

By:  s/Anthony J. Brady, Jr.
ANTHONY J. BRADY, JR, ESQUIRE
South Carolina Bar No.15506
Law Office of Anthony Brady, Jr.
1670-9 Springdale Drive
PMB 159
Camden, South Carolina 29020
Email: ladbrady@gmail.com
Tel.: 561. 603. 6387.

ELECTRONICALLY FILED - 2021 Aug 06 3:32 PM - CHARLESTON - COMMON PLEAS - CASE#2021CP1003632